## UNITED STATED DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.

DOROTA WASIAK,

Plaintiff,

vs.

KW PROPERTY MANAGEMENT
& CONSULTING, LLC,

Defendant.
_____/

### COMPLAINT

COMES NOW, Plaintiff, DOROTHY WASIAK ("Plaintiff"), by and through her undersigned counsel, and hereby files this Complaint against Defendant, KW PROPERTY MANAGEMENT & CONSULTING, LLC ("KW" or "Defendant") and as grounds therefore, states as follows:

### INTRODUCTION

1. This action arises out of Defendant's failure to provide continuing health insurance coverage, as well as lawful notice of the right to same, to Plaintiff, in violation of the Employee Retirement Income Security Act of 1974, codified as part of 29 U.S.C. § 1001, et seq. ("ERISA") as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA").

2. This Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1131, as this action arises under the laws of the United States, specifically, ERISA and COBRA.

3. Venue is proper pursuant to 28 U.S.C. § 1391, as Defendant resides in this judicial district and a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

**PERERA ALEMÁN**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S. Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

4. At all times material, Plaintiff was a resident of Broward County, Florida.

5. Defendant is a Florida Limited Liability Company licensed to conduct business throughout the State of Florida and maintains a principal place of business at 8200 NW 33rd Street, Doral, Florida 33122.

6. At all times material hereto, Defendant offered health insurance coverage to its employees under a group health plan (the "Plan").

7. Plaintiff was covered under the Plan, and both Plaintiff and Defendant contributed to the cost of her coverage throughout Plaintiff's employment.

8. At all times material hereto, the Plan was a "group health plan" under COBRA and was subject to the requirements of ERISA and COBRA. *See* 29 U.S.C. § 1167(1).

## GENERAL ALLEGATIONS

9. Defendant employed Plaintiff from January 16, 2021, through July 5, 2021.

10. Plaintiff was terminated effective July 5, 2021, at which time her medical insurance benefits were also cutoff.

11. The unlawful termination of Plaintiff's employment was a "qualifying event" as defined by COBRA. *See* 29 U.S.C. § 1163(2).

12. Despite the occurrence of this qualifying event, Defendant failed to timely provide Plaintiff with the notice of her right to continuing health care coverage under the Plan, as required by COBRA.

## THE COBRA NOTICE WAS NEVER SENT TO PLAINTIFF

13. Pursuant to COBRA, an employer is required to notify a group health plan administrator of the subject qualifying event within thirty (30) days of its occurrence, and thereafter, the group health plan administrator is required to notify an employee of his or her right

2 | P a g e

**PERERA ALEMÁN**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S. Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

to elect continuing health care coverage under the Plan within fourteen (14) days. *See* 29 U.S.C. § 1166(a)(2), (a)(4) and (c).

14. Where, as here, the employer also is the plan administrator and issues COBRA notices directly, then the employer has the entire 44-day period within which to issue a COBRA election notice to Plaintiff.

15. Accordingly, as the qualifying event at issue occurred on July 5, 2021, Plaintiff should have been notified of her COBRA rights no later than August 18, 2021.

16. To date, Plaintiff never received timely COBRA notification and Plaintiff was unable to exercise COBRA benefits to which she was entitled.

17. Plaintiff was denied her right to elect continuing health care coverage under the Plan.

18. As a result, Plaintiff has incurred the cost of significant medical bills as well as additional damages and penalties.

## COUNT I
## FAILURE TO PROVIDE TIMELY NOTICE IN VIOLATION OF COBRA

19. Plaintiff restates and alleges Paragraphs 1 through 18 as if fully set forth herein.

20. COBRA requires an employer, who also serves as plan administrator and issues COBRA notices directly, to issue a COBRA election notice to its employees within a 44-day period following a "qualifying event." *See* 29 U.S.C. § 1166(a)(2).

21. In this case, Defendant was the employer, as well as the plan administrator, and Plaintiff's termination by Defendant on July 5, 2021, was a "qualifying event" under COBRA, as described above.

3 | P a g e

**PERERA ALEMÁN**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S. Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

22. Therefore, pursuant to COBRA, Defendant was responsible for providing Plaintiff with notice of her COBRA rights no later than August 18, 2021.

23. In this case, there is no evidence that Defendant complied with the requirement to notify Plaintiff of her rights to continuing insurance coverage pursuant to COBRA within the required time period.

24. Upon information and belief, Defendant never attempted to notify Plaintiff of her COBRA rights and entitlement thereto.

25. As a result, Plaintiff was denied her right to elect continuing health care coverage under the Plan.

26. As a direct and proximate result, Plaintiff has suffered damages, including but not limited to, expenses incurred for medical bills and replacement health insurance, emotional distress damages, and attorney's fees and the costs of this litigation.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court, pursuant to 29 U.S.C. § 1132(c), award all relief that it deems just and proper, including, but not limited to:

a. Reimbursement of all medical expenses incurred from the date of the qualifying event through present;

b. $110.00 per day, along with the damages to be assessed against Defendant;

c. Prejudgment interest for failing to give notice to elect continuing coverage;

d. Attorney's fees and costs of litigation; and

e. Any other equitable relief that this Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

**PERERA ALEMÁN**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S. Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

Dated: June 9, 2022.

                Respectfully submitted,

                By: */s/ Alexander T. Harne*
Alexander T. Harne, Esq.
Florida Bar No. 126932
harne@pba-law.com
Bayardo E. Alemán, Esq.
Florida Bar No. 28791
bayardo@pba-law.com
**PERERA ALEMÁN, P.A.**
12505 Orange Drive, Suite 908
Davie, Florida 33330
Phone: 786.485.5232 *Counsel for Plaintiff*

5 | P a g e

**PERERA ALEMÁN**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S. Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com